IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MANDRIEZ SPIVEY, | ) | |
|     Plaintiff, | ) | Case No. 7:20-cv-00400 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| WARDEN BRECKON, et al., | ) | Chief United States District Judge |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Mandriez Spivey is a former federal inmate who was previously incarcerated at United States Penitentiary Lee ("USP Lee") in Pennington Gap, Virginia. He commenced this action against five staff members at USP Lee by filing a pro se complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). While still proceeding pro se,[1] Spivey filed an amended complaint asserting multiple constitutional claims, including claims of excessive force and denial of adequate medical treatment. The case is presently before the court on a motion to dismiss filed by the five defendants named in the original complaint (the "named defendants"). ECF No. 44. For the reasons set forth below, the motion to dismiss is **GRANTED**, the claims against the named defendants are **DISMISSED** without prejudice, and Spivey is **GRANTED** leave to file a second amended complaint.

---

[1] Spivey is now represented by counsel.

## I. Background

Spivey initially filed this action in July 2020. In his original complaint, he named as defendants (1) Warden Breckon, (2) Captain Phelps, (3) Lieutenant Bowles, (4) Lieutenant Briggs, and (5) Lieutenant Avery. Compl., ECF No. 1, at 1.

By order entered December 8, 2020, the court directed Spivey to file an amended complaint within thirty days. Order, ECF No. 21, at 2. The order provided that the amended complaint "must be a new pleading that stands by itself without reference to any prior complaint or document"; that it "shall clearly set forth each of [Spivey's] claims and should identify what claims are being asserted against which defendants"; and that it "shall also provide approximate dates of the alleged events." Id.

After receiving extensions of time, Spivey filed an amended complaint on September 30, 2021. See Am. Compl., ECF No. 42. The amended complaint does not specify who the defendants are other than referring to "Breckon, et al." Id. at 1. It then lists multiple "issues" for which Spivey is filing suit, including "cruel and unusual punishment," "excessive force," "unlawful use of restraints," "unsanitary living conditions," "deliberate indifference," "denial of dental [treatment]," and "inadequate medical treatment." Id.

On November 3, 2021, the named defendants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). The defendants contend, among other arguments, that the pleading fails to identify which defendant committed the actions or omissions alleged in the amended complaint. Mem. Supp. Mot. Dismiss, ECF No. 45, at 16.

Counsel subsequently appeared on Spivey's behalf and filed a brief in opposition to the motion to dismiss. The brief notes a "general objection" to the motion to dismiss but "only

addresses Spivey's claims of inadequate medical care." Br. Opp'n Mot. Dismiss, ECF No. 49, at 1 n.1. As to those claims, Spivey acknowledges that his amended complaint "does not specifically identify which individuals at USP Lee denied him adequate medical care." Id. at 9. Spivey argues, however, that he should be allowed to pursue claims of inadequate medical care against "unnamed but identifiable defendants." Id.

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (alteration in original) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555, 557).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, a pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

3

### III.  Discussion

The Supreme Court's decision in Bivens "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Iqbal, 556 U.S. at 675 (citation and internal quotation marks omitted). "In that case and then in two subsequent cases, the Supreme Court allowed plaintiffs alleging certain Fourth, Fifth, and Eighth Amendment violations to proceed under this implied cause of action." Annappareddy v. Pascale, 996 F.3d 120, 133 (4th Cir. 2021) (citing Bivens, 403 U.S. at 396–97; Davis v. Passman, 442 U.S. 228, 248–49 (1979); Carlson v. Green, 446 U.S. 14, 17–19 (1980)); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1854–55 (2017) (describing Bivens, Davis, and Carlson). Since those cases were decided, however, the Supreme Court has "narrowed the circumstances in which a plaintiff may successfully state a claim under the principles established in Bivens." Attkisson v. Holder, 919 F.3d 788, 803 (4th Cir. 2019) (citing Abbasi, 137 S. Ct. at 1857–58); see also Egbert v. Boule, 213 L. Ed. 2d 54, 61, 67 (2022) (noting that the Court had declined eleven times to imply causes of action for other alleged constitutional violations since Bivens was decided, and ultimately holding that "the Court of Appeals plainly erred when it created causes of action for [the plaintiff's] Fourth Amendment excessive-force claim and First Amendment retaliation claim").

"In the limited settings where Bivens does apply, the implied cause of action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." Iqbal, 556 U.S. at 675. In both types of suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. In other words, the plaintiff "must allege, with particularity, facts that demonstrate what each

4

defendant did to violate the asserted constitutional right." Heyne v. Metro. Nashville Pub. Schools, 655 F.3d 556, 564 (6th Cir. 2011); see also Scheing v. Fountain, 729 F. App'x 175, 178 (3d Cir. 2018) ("Vague allegations of wrongdoing leveled against all defendants do not suffice because a government official is only liable for his or her own misconduct. Thus, a plaintiff seeking relief under § 1983 [or Bivens] must plausibly allege with appropriate particularity that each defendant was personally involved in the purportedly wrongful conduct.") (footnotes and internal quotation marks omitted).

Spivey's amended complaint does not provide adequate notice of what each of the named defendants did to violate his constitutional rights. The pleading is replete with allegations that fail to identify who committed the alleged wrongdoing. See, e.g., Am. Compl. at 3 (alleging that he was assaulted after being placed in ambulatory restraints but not identifying who assaulted him); id. at 4 (alleging that he was not allowed to see a doctor for rectal bleeding but not identifying who prevented him from receiving treatment); id. at 6 (alleging, without mentioning any of the named defendants, that he had to pull a tooth himself after requesting dental treatment). Although Spivey attempts to link some of his constitutional claims to certain named defendants, he does so in an entirely conclusory manner without alleging facts sufficient to show that they were personally involved in the alleged constitutional violations. See, e.g., id. at 7 ("Lt. Bowles and Briggs . . . cruel and unusual punishment, excessive use of force, unlawful use of restraints."); id. ("Warden Breckon . . . denial of medical and dental treatment [and] deliberate indifference.").

In short, the amended complaint does not contain factual content that allows the court to draw the reasonable inference that the named defendants are liable for the misconduct

alleged. Consequently, the claims against the named defendants are subject to dismissal under Rule 12(b)(6).[2] Because Spivey may be able to amend the complaint to allege viable claims for relief under the standards set forth above, the dismissal will be without prejudice and the court will permit him to file a second amended complaint.[3]

## IV. Conclusion

For the reasons set forth herein, the motion to dismiss filed by the named defendants, ECF No. 44, is **GRANTED**. An appropriate order will be entered.

Entered: June 27, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.06.27 10:13:35 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[2] In light of the court's conclusion that the amended complaint fails to state plausible claims for relief against the named defendants, the court finds it unnecessary to address the defendants' remaining arguments at this time.

[3] To the extent that Spivey does not know the names of the individuals at USP Lee who allegedly denied him adequate medical treatment, "he may name 'John Doe' defendants and include as much identifying information as he has knowledge of, for the purpose of filing an amended complaint, should [he] chose to do so." Little v. Mun. Corp., 51 F. Supp. 3d 473, 493 (S.D.N.Y. 2014). The court expresses no opinion, however, as to whether such amendments would relate back to the date of the original complaint. See Fed. R. Civ. P. 15(c)(1).