**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| Mandriez Spivey<br><br>   *Plaintiff,*<br><br>v.<br><br>Michael Breckon, James Phelps, James Bowles,<br>Marcus Briggs, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5,<br>Doe 6, Doe 7, Doe 8, Doe 9, Doe 10<br><br>   *Defendants.* | )<br>)<br>)<br>)<br>)<br>) Case No. 7:20CV400<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SECOND AMENDED COMPLAINT**

1. Plaintiff Mandriez Spivey brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and its progeny against individual defendants Michael Breckon ("Breckon"), James Phelps ("Phelps"), James Bowles ("Bowles"), Marcus Briggs ("Briggs"), and ten unidentified federal employees named as John Doe defendants (individually Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7, Doe 8, Doe 9, and Doe 10 and collectively "the ten Does").

2. Plaintiff seeks compensatory and punitive damages under the Fourth Amendment, Fifth Amendment, and Eighth Amendment for physical injuries and mental and emotional distress sustained as the result of individual defendants' uses of excessive force and denials of adequate medical care.

3. Plaintiff lacks a statutory cause of action to redress these claims, or, in the alternative, all available statutory causes of action do not provide meaningful remedies for these claims.

1

24273/1/10613368v1

**PARTIES**

4.     At all times relevant to this complaint, plaintiff Mandriez Spivey ("plaintiff") was an inmate incarcerated at the United States Penitentiary in Lee County ("USP Lee"), located at Lee County Industrial Park, Hickory Flats Road, Pennington Gap, VA 24277.

5.     At all relevant times, defendant Michael Breckon was the warden of USP Lee.

6.     At all relevant times, defendant James Phelps was a "captain" at USP Lee.

7.     At all relevant times, defendant James Bowles was a "lieutenant" at USP Lee.

8.     At all relevant times, defendant Marcus Briggs was a "lieutenant" at USP Lee.

9.     At all relevant times, defendants Breckon, Phelps, Bowles, Briggs, and the ten Does were federal employees working at USP Lee.

10.     During all the incidents mentioned herein, defendants Breckon, Phelps, Bowles, Briggs, and the ten Does acted under real or apparent authority of federal law.

**JURISDICTION**

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

12.     This Court has personal jurisdiction over all defendants because each defendant has sufficient minimum contacts with the Commonwealth of Virginia. For example, each defendant performed the actions or instigated the events or omissions giving rise to plaintiff's claims while working at USP Lee, located in the Commonwealth of Virginia.

13.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because, at all material times, a majority of the events or omissions giving rise to plaintiff's claims occurred in this judicial district, namely in Lee County, Virginia.

24273/1/10613368v1

**FACTS**

14.    Plaintiff was incarcerated at United States Penitentiary Lee ("USP Lee") from December 2017 to October 2018.

15.    Unless otherwise explicitly stated, the events, actions, and omissions recounted in this Complaint occurred at USP Lee.

**Excessive Use of Force**

16.    During his stay at USP Lee, plaintiff shared a cell with Lerontae Williams ("Williams").

17.    While in his cell, plaintiff observed Williams tear up a towel or sheet to make rags.

18.    After a correctional officer discovered the torn towel or sheet, Williams admitted that he tore the towel or sheet.

19.    Despite this admission from Williams, Bowles detained plaintiff and ordered him to dress in paper clothes for a search.

20.    When plaintiff questioned why he needed to dress in paper clothes, Bowels threatened to put plaintiff in restraints or chains unless he complied.

21.    Plaintiff complied and dressed in the paper clothes.

22.    The paper clothes did not fit properly and exposed plaintiff's buttocks.

23.    Despite plaintiff's compliance, Bowles ordered that plaintiff be put in restraints.

24.    An unidentified correctional officer ("Doe 1") placed restraints on plaintiff's wrists, ankles, and sides.

25.    Doe 1 fitted the restraints too tightly, which caused the restraints to cut into plaintiff's wrists, ankles, and sides, resulting in swelling.

26.    Doe 1 also placed a helmet on plaintiff's head.

24273/1/10613368v1

27.    Plaintiff notified an unidentified female nurse with light skin and red hair ("Doe 2") that his restraints were too tight.

28.    Upon information and belief, Doe 2, as a nurse, possessed implicit or explicit authority to declare that the restraints were too tight and to order removal of the restraints.

29.    Doe 2 checked plaintiff's restraints and falsely stated that the restraints were not too tight.

30.    Plaintiff also notified Phelps that his restraints were too tight.

31.    Upon information and belief, Phelps, as a correctional officer with the rank of "captain," possessed implicit or explicit authority to declare that the restraints were too tight and to order removal of the restraints.

32.    Phelps failed to respond to plaintiff's complaint.

33.    While in restraints, plaintiff could not use the bathroom.

34.    Plaintiff was placed into a cell that smelled like urine and feces.

35.    Bowles ordered plaintiff to kneel in the cell.

36.    Plaintiff complied and kneeled on the cell floor.

37.    Bowles then directed an unidentified first shift correctional officer ("Doe 3") to use excessive force on plaintiff.

38.    In Bowles' presence and pursuant to Bowles' direction, Doe 3 pressed a shield into plaintiff's back while plaintiff was on his knees.

39.    In Bowles' presence and pursuant to Bowles' direction, Doe 3 slammed plaintiff's head into a wall while plaintiff was on his knees.

40.    In Bowles' presence and pursuant to Bowles' direction, Doe 3 stepped on plaintiff's toes while plaintiff was on his knees.

4

41.     In Bowles' presence and pursuant to Bowles' direction, Doe 3 pressed and grinded the edge of the shield into plaintiff's ankles and calves while plaintiff was on his knees.

42.     Doe 3 and Bowles left the cell and returned multiple times. Each time they returned, Doe 3 repeated the same excessive force as before, pressing and grinding the shield into plaintiff's back, ankles, and calves, stepping on plaintiff's toes, and slamming plaintiff's head into the wall.

43.     Two unidentified psychologists also entered the cell to speak with plaintiff.

44.     While plaintiff spoke with the psychologists, an unidentified white male ("Doe 4") jerked plaintiff's head downward toward plaintiff's crotch.

45.     One of the psychologists joked about speaking with plaintiff while he was in pain.

46.     When Bowles' shift ended, Briggs took command from Bowles for the "second shift."

47.     During the second shift, Doe 4 continued to use excessive force on plaintiff.

48.     As a result of the excessively tight restraints used by Doe 1 and approved by Doe 2, plaintiff suffered severe pain, discomfort, and scarring on his wrists, ankles, and sides.

49.     As a result of the unprovoked and excessive use of force directed by Bowles and perpetrated by Doe 3 and Doe 4, plaintiff suffered severe pain and discomfort in his neck, back, calves, Achilles tendon, feet, and toes.

50.     As a result of this severe pain and discomfort, plaintiff also suffered and continues to suffer extreme mental and emotional distress.

### Denial of Medical Care for Injury to Achilles Tendons and Calves

51.     As a result of the excessive use of force directed by Bowles and perpetrated by Doe 3, plaintiff suffered ongoing and severe pain in his Achilles tendons and calves during his stay at USP Lee.

5

52.     Plaintiff notified an unidentified member of the USP Lee medical staff ("Doe 5") that he needed medical care for the severe pain in his Achilles tendon and calves.

53.     Doe 5 denied plaintiff's request for medical care.

54.     As a result of this denial of medical care, plaintiff suffered severe discomfort and pain in his Achilles tendon and calves for the remainder of his stay at USP Lee.

55.     Further, as a result of this severe discomfort and pain, plaintiff suffered emotional and mental distress.

56.     Plaintiff continues to suffer from physical pain in his Achilles tendon and calves as well as emotional and mental distress resulting from this denial of medical care.

## Denial of Dental Care

57.     Upon information and belief, plaintiff was diagnosed with dental caries, commonly known as tooth decay, prior to his transfer to USP Lee.

58.     Upon information and belief, plaintiff was also diagnosed with pulpitis, commonly known as tooth inflammation, prior to his transfer to USP Lee.

59.     Plaintiff did not receive treatment for either dental caries or pulpitis prior to his transfer to USP Lee.

60.     During his stay at USP Lee, plaintiff suffered from dental caries, pulpitis, and severe tooth pain.

61.     Plaintiff took ibuprofen to ease the pain, but the pain grew worse.

62.     Plaintiff notified an unidentified member of the USP Lee medical staff ("Doe 6") that he suffered from severe tooth pain and needed immediate dental care.

63.     Doe 6 informed plaintiff that USP Lee did not have a staff dentist.

64.     Doe 6 placed plaintiff on a waiting list for dental care. However, Doe 6 failed to

24273/1/10613368v1

provide any further medical or dental care for plaintiff's dental issues.

65.  Later, while housed in the Solitary Housing Unit ("SHU") at USP Lee, plaintiff verbally notified Breckon that plaintiff needed dental care to treat his severe tooth pain.

66.  Upon information and belief, Breckon, as the warden, knew or should have known that USP Lee did not have a staff dentist.

67.  Upon information and belief, Breckon, as the warden, was responsible for exercising administrative control and supervision over all aspects of USP Lee's functions and programs.

68.  Despite this knowledge and responsibility, Breckon failed to procure a staff dentist for USP Lee, resulting in an inadequate waiting list for dental care.

69.  Later in his stay at USP Lee, plaintiff broke a tooth.

70.  Part of plaintiff's broken tooth fell out, causing him severe pain.

71.  Plaintiff removed the remainder of the tooth, which also caused him severe pain.

72.  Yet despite plaintiff's serious dental issues of dental caries, pulpitis, tooth pain, and a broken tooth, plaintiff never received dental care while at USP Lee.

73.  Plaintiff only received dental care after he transferred from USP Lee to a new facility.

74.  As a result of this denial of dental care, plaintiff suffered severe discomfort and tooth pain for the duration of his stay at USP Lee.

75.  Upon information and belief, plaintiff also suffered from dental caries and pulpitis for the duration of his stay at USP Lee.

76.  Further, as a result of this severe discomfort and tooth pain, plaintiff suffered extreme emotional and mental distress.

7

77.    Plaintiff continues to suffer from dental issues and emotional and mental distress resulting from this denial of dental care.

**Denial of Medical Care for Rectal Bleeding and Stomach Pain**

78.    During his stay at USP Lee, plaintiff experienced profuse bleeding from his rectum, accompanied by stomach pain.

79.    The rectal bleeding and stomach pain caused plaintiff discomfort and humiliation, as well as emotional and mental distress.

80.    Plaintiff reported his rectal bleeding and stomach pain to an unidentified member of the USP medical staff ("Doe 7").

81.    Doe 7 administered a feces test but refused to allow plaintiff to talk to a doctor.

82.    Doe 7 also failed to provide any further medical care.

83.    In fact, plaintiff never received any further medical care for his rectal bleeding and stomach pain for the remainder of his stay at USP Lee.

84.    Plaintiff only received medical care after he transferred from USP Lee to a new facility.

85.    As a result of this denial of medical care, plaintiff suffered discomfort, pain, and humiliation for the remainder of his stay at USP Lee.

86.    Further, as a result of this severe discomfort and pain, plaintiff suffered and continues to suffer emotional and mental distress.

**Denial of Mental Health Care**

87.    Plaintiff has a history of significant mental health issues, including, upon information and belief, a rule-out diagnosis for major depressive disorder (recurrent and severe).

88.    During his stay at USP Lee and before his transfer from USP Lee, plaintiff

8

requested mental health care through a pre-release psychology class hosted at USP Lee.

89.     An unidentified administrator of the USP Lee mental health services program ("Doe 8") denied plaintiff's request under the false pretense that plaintiff had an outstanding detainer under the Interstate Agreement on Detainers Act ("IADA"). In reality, the detainer had no force.

90.     On another occasion, plaintiff again requested mental health care.

91.     An unidentified member of the USP Lee mental health services staff ("Doe 9") denied plaintiff's request.

92.     As a result of these denials of mental health care, plaintiff did not receive any mental health care for the duration of his stay at USP Lee.

93.     As a result of this denial of mental health care, plaintiff suffered and continues to suffer mental and emotional distress.

**Unnecessary Force During Pat-Down Search**

94.     During his stay at USP Lee, plaintiff was subjected to unnecessary and offensive physical contact during a pat-down search on numerous occasions.

95.     While plaintiff was leaving the "chow hall" area at USP Lee, an unidentified white male correctional officer ("Doe 10") performed a pat-down search on plaintiff.

96.     During the pat-down search, Doe 10 slid his knuckle down plaintiff's buttock.

97.     On belief, Doe 10's touching of plaintiff's buttock was unnecessary for the search and performed for the purpose of sadistically harassing and humiliating plaintiff.

98.     Doe 10 repeated this behavior on numerous occasions, unnecessarily touching plaintiff's buttock during pat-down searches when plaintiff left the "chow hall" area.

99.     As a result of this unnecessary and offensive physical contact during pat-down

9

searches, plaintiff suffered and continues to suffer emotional and mental distress.

**Prevention of Administrative Remedies**

100.    Plaintiff attempted to file administrative remedy requests to report the excessive use of force directed by Bowles, allowed by Doe 2 and Phelps, and perpetrated by Doe 1, Doe 3, and Doe 4, as well as the humiliating use of force perpetrated by Doe 10.

101.    Plaintiff also attempted to file administrative remedy requests to report the denial of adequate medical and dental care perpetrated by Doe 5, Doe 6, Doe 7, Doe 8, Doe 9, and Breckon, and to request adequate care.

102.    However, USP Lee administrators identified as "Ms. Bowles," "Pendergrass", and "Bentley" prevented plaintiff from doing so by either refusing to file his administrative remedy requests or claiming to have "lost" his administrative remedy request forms.

103.    Upon information and belief, the administrator identified as "Ms. Bowles" denied plaintiff the administrative remedy process because she was the wife of defendant James Bowles, who directed and observed the excessive use of force against plaintiff.

**CAUSES OF ACTION**

COUNT ONE

*Violation of Eighth Amendment – Cruel and Unusual Punishment*
*Defendants Bowles, Doe 1, Doe 2, and Phelps*

104.    The preceding paragraphs are fully incorporated herein.

105.    Plaintiff had a right under the Eighth Amendment to be free from cruel and unusual punishment.

106.    During all incidents relevant to this claim, defendants Bowles, Doe 1, Doe 2, and Phelps were federal employees at USP Lee acting under the real or apparent authority of federal law ("under color of federal law").

10

107.   Bowles deprived plaintiff of his Eighth Amendment rights by ordering Doe 1 to place plaintiff in unnecessary and excessively tight restraints for the purpose of harming plaintiff.

108.   Doe 1 deprived plaintiff of his Eighth Amendment rights by placing plaintiff in unnecessary and excessively tight restraints for the purpose of harming plaintiff.

109.   Doe 2 deprived plaintiff of his Eighth Amendment rights by approving of the unnecessary and excessively tight restraints, thereby causing plaintiff continued harm.

110.   Phelps deprived plaintiff of his Eighth Amendment rights by tacitly approving of the unnecessary and excessively tight restraints, thereby causing plaintiff continued harm.

111.   As a result of this deprivation of plaintiff's Eighth Amendment rights, plaintiff suffered physical injuries on his wrists, ankles, and sides, including pain, cuts, swelling, and scarring, as well as emotional and mental injuries.

## COUNT TWO

*Violation of Fourth Amendment – Excessive Use of Force*
*Defendants Bowles, Doe 1, Doe 2, and Phelps*

112.   The preceding paragraphs are fully incorporated herein.

113.   Plaintiff had a right under the Fourth Amendment to be free from unreasonable searches and seizures, including searches and seizures accomplished with excessive force.

114.   During all incidents relevant to this claim, defendants Bowles, Doe 1, Doe 2, and Phelps were federal employees at USP Lee acting under color of federal law.

115.   Bowles deprived plaintiff of his Fourth Amendment rights by ordering Doe 1 to place plaintiff in restraints that were excessively tight and unnecessary for the seizure and search of plaintiff.

116.   Doe 1 deprived plaintiff of his Fourth Amendment rights by placing plaintiff in restraints that were excessively tight and unnecessary for the seizure and search of plaintiff.

11

117.    Doe 2 deprived plaintiff of his Fourth Amendment rights by approving of the unnecessary and excessively tight and painful restraints.

118.    Phelps deprived plaintiff of his Fourth Amendment rights by tacitly approving of the excessively tight and painful restraints.

119.    As a result of this deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered physical injuries on his wrists, ankles, and sides, including pain, cuts, swelling, and scarring, as well as emotional and mental injuries.

COUNT THREE

*Violation of Fifth Amendment – Denial of Due Process*
*Defendants Bowles, Doe 1, Doe 2, and Phelps*

120.    The preceding paragraphs are fully incorporated herein.

121.    Plaintiff had a right under the Fifth Amendment to due process of law before being deprived of liberty.

122.    During all incidents relevant to this claim, defendants Bowles, Doe 1, Doe 2, and Phelps were federal employees at USP Lee acting under color of federal law.

123.    Bowles deprived plaintiff of his Fifth Amendment rights by ordering Doe 1 to restrict plaintiff in excessively tight restraints absent a proper determination that restraints were justified.

124.    Doe 1 deprived plaintiff of his Fifth Amendment rights by placing plaintiff in excessively tight restraints absent a proper determination that restraints were justified.

125.    Doe 2 deprived plaintiff of his Fifth Amendment rights by approving of the placement of plaintiff in excessively tight restraints absent a proper determination that restraints were justified.

126.    Phelps deprived plaintiff of his Fifth Amendment rights by tacitly approving of the

12

placement of plaintiff in excessively tight restraints absent a proper determination that restraints were justified.

127.    As a result of this deprivation of plaintiff's Fifth Amendment rights, plaintiff suffered physical injuries on his wrists, ankles, and sides, including pain, cuts, swelling, and scarring, as well as emotional and mental injuries.

COUNT FOUR

*Violation of Eighth Amendment – Cruel and Unusual Punishment*
*Defendants Bowles, Doe 3, and Doe 4*

128.    The preceding paragraphs are fully incorporated herein.

129.    Plaintiff had a right under the Eighth Amendment to be free from cruel and unusual punishment.

130.    At all times relevant to this claim, defendants Bowles, Doe 3, and Doe 4 were federal employees at USP Lee acting under color of federal law.

131.    Bowles deprived plaintiff of his Eighth Amendment rights by ordering Doe 3 to use excessive force on plaintiff for the purpose of harming plaintiff.

132.    Doe 3 deprived plaintiff of his Eighth Amendment rights by using excessive force on plaintiff while he was kneeling, for the purpose of harming plaintiff, including by pressing a shield into plaintiff's back, slamming plaintiff's head into a wall, stepping on plaintiff's toes, and pressing and grinding the shield into plaintiff's ankles and calves.

133.    Doe 4 deprived plaintiff of his Eighth Amendment rights by forcefully jerking plaintiff's head downward for the purpose of harming plaintiff.

134.    As a result of this deprivation of plaintiff's Eighth Amendment rights, plaintiff suffered physical injuries to and pain in his head, neck, back, calves, Achilles tendons, ankles, and toes, as well as emotional and mental distress.

13

24273/1/10613368v1

## COUNT FIVE

*Violation of Fourth Amendment – Excessive Use of Force*
*Defendants Bowles, Doe 3, and Doe 4*

135.    The preceding paragraphs are fully incorporated herein.

136.    Plaintiff had a right under the Fourth Amendment to be free from unreasonable searches and seizures, including searches and seizures accomplished by excessive force.

137.    At all times relevant to this claim, defendants Bowles, Doe 3, and Doe 4 were federal employees at USP Lee acting under color of federal law.

138.    Bowles deprived plaintiff of his Fourth Amendment rights by ordering Doe 3 to unnecessarily and excessively use force on plaintiff during the seizure and search of plaintiff.

139.    Doe 3 deprived plaintiff of his Fourth Amendment rights by unnecessarily and excessively using force on plaintiff during the seizure and search of plaintiff, including by pressing a shield into plaintiff's back, slamming plaintiff's head into a wall, stepping on plaintiff's toes, and pressing and grinding the shield into plaintiff's ankles and calves.

140.    Doe 4 deprived plaintiff of his Fourth Amendment rights by forcefully and unnecessarily jerking plaintiff's head downward during the seizure and search of plaintiff.

141.    As a result of this deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered physical injuries to and pain in his head, neck, back, calves, Achilles tendons, ankles, and toes, as well as emotional and mental distress.

## COUNT SIX

*Violation of Fifth Amendment – Denial of Due Process*
*Defendants Bowles, Doe 3, and Doe 4*

142.    The preceding paragraphs are fully incorporated herein.

143.    Plaintiff had a right under the Fifth Amendment to due process of law before being

14

deprived of liberty.

144.    At all times relevant to this claim, defendants Bowles, Doe 3, and Doe 4 were federal employees at USP Lee acting under color of federal law.

145.    Bowles deprived plaintiff of his Fifth Amendment rights by ordering Doe 3 to unnecessarily and excessively use force on plaintiff absent a proper determination that use of force was justified.

146.    Doe 3 deprived plaintiff of his Fifth Amendment rights by unnecessarily and excessively using force on plaintiff absent a proper determination that use of force was justified, including by pressing a shield into plaintiff's back, slamming plaintiff's head into a wall, stepping on plaintiff's toes, and pressing and grinding the shield into plaintiff's ankles and calves.

147.    Doe 4 deprived plaintiff of his Fifth Amendment rights by forcefully and unnecessarily jerking plaintiff's head down absent a proper determination that such force was justified.

148.    As a result of this deprivation of plaintiff's Fifth Amendment rights, plaintiff suffered physical injuries to and pain in his head, neck, back, calves, Achilles tendons, ankles, and toes, as well as emotional and mental distress.

COUNT SEVEN

*Violation of Eighth Amendment– Denial of Adequate Medical Care*
*Defendant Doe 5*

149.    The preceding paragraphs are fully incorporated herein.

150.    Plaintiff had a right under the Eighth Amendment to be free from cruel and unusual punishment. This included a right to adequate medical care while incarcerated.

151.    At all times relevant to this claim, defendant Doe 5 was a federal employee at USP Lee acting under the real or apparent authority of federal law ("under color of federal law").

15

152.    Plaintiff suffered serious medical issues in his legs, including injuries in his Achilles tendons and ankles that caused severe pain and discomfort.

153.    Plaintiff reported his severe pain and injuries to Doe 5, a USP Lee medical staff member.

154.    Doe 5 knew or should have known that plaintiff's injuries were painful enough to constitute a serious medical issue demanding medical care.

155.    Nevertheless, Doe 5 denied plaintiff adequate medical care for his injuries.

156.    As a result of this deprivation of plaintiff's Eighth Amendment rights, plaintiff suffered severe pain and discomfort, as well as emotional and mental distress.

## COUNT EIGHT

*Violation of Eighth Amendment – Denial of Adequate Medical Care*
*Defendants Doe 6 and Breckon*

157.    The preceding paragraphs are fully incorporated herein.

158.    Plaintiff had a right under the Eighth Amendment to be free from cruel and unusual punishment. This included a right to adequate medical care while incarcerated.

159.    At all times relevant to this claim, defendants Doe 6 and Breckon were federal employees at USP Lee acting under color of federal law.

160.    Plaintiff suffered from serious dental issues, including, but not limited to:

    a.    Dental caries, also known as tooth decay,

    b.    Pulpitis, also known as tooth inflammation,

    c.    Severe toothaches, and

    d.    A broken tooth.

161.    The seriousness of plaintiff's medical issues was or should have been patently obvious to a layperson untrained in medical and dental care.

16

162. Plaintiff reported his serious dental issues to Doe 6, a USP Lee medical staff member.

163. Doe 6 knew or should have known that plaintiff's dental issues were serious and posed an immediate and substantial risk to plaintiff's health.

164. Nevertheless, Doe 6 denied plaintiff adequate medical care for his dental issues by placing plaintiff on a waiting list rather than by procuring timely and sufficient dental care.

165. Plaintiff also reported his serious dental issues to Breckon, the warden.

166. Breckon knew or should have known, even as a layperson, that plaintiff's dental issues were serious and posed an immediate and substantial risk to plaintiff's health.

167. As warden, Breckon was responsible for exercising administrative control and supervision over all aspects of USP Lee's functions and programs.

168. Nevertheless, Breckon denied plaintiff adequate medical care for his dental conditions by failing to procure a staff dentist for USP Lee, failing to procure a contractor dentist to treat plaintiff's dental conditions, and failing to transfer plaintiff to a new facility to obtain adequate dental care.

169. As a result of this deprivation of plaintiff's Eighth Amendment rights, plaintiff suffered severe pain and discomfort, as well as emotional and mental distress.

## COUNT NINE

*Violation of Eighth Amendment – Denial of Medical Care*
*Defendant Doe 7*

170. The preceding paragraphs are fully incorporated herein.

171. Plaintiff had a right under the Eighth Amendment to be free from cruel and unusual punishment. This included a right to adequate medical care while incarcerated.

172. At all times relevant to this claim, defendant Doe 7 was a federal employee at USP

17

Lee acting under color of federal law.

173.    Plaintiff suffered from stomach pain and rectal bleeding that caused severe pain and discomfort and possibly indicated a dangerous underlying condition.

174.    Plaintiff reported his stomach pain and rectal bleeding to Doe 7, a USP medical staff member.

175.    Doe 7 knew or should have known that plaintiff's condition was serious and painful.

176.    Nevertheless, Doe 7 denied plaintiff adequate medical care for his medical issues.

177.    As a result of this deprivation of plaintiff's Eighth Amendment rights, plaintiff suffered severe pain and discomfort and emotional and mental distress.

COUNT TEN

*Violation of Eighth Amendment – Denial of Mental Health Care*
*Defendants Doe 8 and Doe 9*

178.    The preceding paragraphs are fully incorporated herein.

179.    Plaintiff had a right under the Eighth Amendment to be free from cruel and unusual punishment. This included a right to adequate medical care while incarcerated.

180.    At all times relevant to this claim, defendants Doe 8 and Doe 9 were federal employees at USP Lee acting under color of federal law.

181.    Plaintiff requested pre-release mental health care from Doe 8, due to a history of significant mental health issues, including depression.

182.    Doe 8 knew or should have known that plaintiff had a history of significant mental health issues posing a serious risk to plaintiff's mental health.

183.    Nevertheless, Doe 8 denied plaintiff's request pursuant to a false pretense that plaintiff did not qualify for mental health services.

18

24273/1/10613368v1

184. Plaintiff also requested general mental health care from Doe 9.

185. Doe 9 knew or should have known that plaintiff had a history of significant mental health issues posing a serious risk to plaintiff's mental health.

186. Nevertheless, Doe 9 denied plaintiff's request for mental health care.

187. As a result of this deprivation of plaintiff's Eighth Amendment rights, plaintiff suffered emotional and mental injury.

## COUNT ELEVEN

*Violation of Eighth Amendment – Cruel and Unusual Punishment*
*Defendant Doe 10*

188. The preceding paragraphs are fully incorporated herein.

189. Plaintiff had a right under the Eighth Amendment to be free from cruel and unusual punishment.

190. At all times relevant to this claim, defendant Doe 10 was a federal employee at USP Lee acting under color of federal law.

191. Doe 10 deprived plaintiff of his Eighth Amendment rights by repeatedly using excessive physical contact during pat-down searches for the sadistic purpose of causing plaintiff emotional and mental distress.

192. As a result of this deprivation of plaintiff's Eighth Amendment rights, plaintiff suffered emotional and mental distress.

## COUNT TWELVE

*Violation of Fourth Amendment – Excessive Use of Force*
*Defendant Doe 10*

193. The preceding paragraphs are fully incorporated herein.

194. Plaintiff had a right under the Fourth Amendment to be free from unreasonable

24273/1/10613368v1

searches and seizures, including searches and seizures accomplished by excessive force.

195.    At all times relevant to this claim, defendant Doe 10 was a federal employee at USP Lee acting under color of federal law.

196.    Doe 10 deprived plaintiff of his Fourth Amendment rights by repeatedly using unnecessary and offensive physical contact during pat-down searches.

197.    As a result of this deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered emotional and mental distress.

## REQUESTED RELIEF

A.    Plaintiff seeks to be fully and fairly compensated for his injuries, pain, suffering, and emotional and mental distress to the fullest extent permitted under federal law.

B.    Plaintiff requests $10,000,000 in compensatory damages from the defendants.

C.    Plaintiff requests $5,000,000 in punitive damages from the defendants.

D.    Plaintiff requests any and all other relief that the court may deem necessary.

Plaintiff requests a trial by jury on all counts so triable.

SUBMITTED this August 1, 2022.

MANDRIEZ SPIVEY

By:    */s/Jessiah S. Hulle*
                    Of Counsel

Guy M. Harbert, III (VSB No. 22933)
Kathleen L. Wright (VSB No. 48942)
Jessiah S. Hulle (VSB No. 95828)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
Phone: (540) 983-9300
Fax: (540) 983-9400
harbert@gentrylocke.com
wright@gentrylocke.com
hulle@gentrylocke.com
*Counsel for Plaintiff*

20

24273/1/10613368v1

## CERTIFICATE OF SERVICE

I hereby certify that on this August 1, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

*/s/ Jessiah S. Hulle*
Of Counsel

24273/1/10613368v1